**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| GARY JOHN BYRNE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:18-cv-01422-PLF |
| v. ) | |
| ) | |
| HILLARY RODHAM CLINTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT JOHN PODESTA'S
<u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

Defendant John Podesta respectfully submits this Memorandum of Points and Authorities in support of his motion to dismiss the Amended Complaint (Dkt. No. 51) filed by Plaintiff Gary J. Byrne.[1]

**<u>INTRODUCTION</u>**

In filing the Amended Complaint, plaintiff has modified the length of his pleading, but has done nothing to overcome the legal and factual deficiencies inherent in his allegations. Like the original complaint, the Amended Complaint attempts to turn plaintiff's political grievances and conspiracy theories into RICO claims, involving a RICO "Enterprise" composed of participants from the Hillary Rodham Clinton campaign, the FBI, the Justice Department, and elsewhere. Like the original complaint, the Amended Complaint seeks to tie the purported activities of the

---

[1]   Although the Amended Complaint also lists "The GJB Project, a/k/a GJB LLC" as a plaintiff, there are no factual allegations about this purported entity other than the assertion that it "is the legal entity by which Officer Byrne conducts his business affairs." (Am. Compl., ¶ 5.)

Enterprise to plaintiff's time-barred and inadequately pled claim that he was defamed by criticisms of his 2016 book about the Clintons.

The allegations and claims in the Amended Complaint are outlined in the Memorandum (the "HRC Memo") (Dkt. No. 57-1) filed in support of Former Secretary Hillary Rodham Clinton's motion to dismiss the Amended Complaint. (*See* HRC Memo at 2-6.) With respect to Mr. Podesta, the Amended Complaint primarily alleges that, along with other Enterprise members, he participated in paying "bribes" to independent contractors and government officials to obtain false information about the plaintiff, and that he engaged in destroying emails on Secretary Clinton's private server in order to cover up this "bribery" and other illegal conduct. These allegations are conclusory and made without any plausible supporting facts. The allegations relating to defamation are equally deficient, and do not demonstrate Mr. Podesta's involvement in any alleged defamatory statements. In short, the Amended Complaint fails to allege any viable theories on which the plaintiff should be permitted to proceed against Mr. Podesta.

In order to avoid unnecessary repetition and in the interest of judicial economy, in support of his motion Mr. Podesta joins and incorporates by reference the Motion to Dismiss and the arguments and authority in the supporting Memorandum filed by Secretary Clinton. Mr. Podesta files the instant memorandum to specify the issues and arguments that are adopted by reference. This memorandum also addresses the allegations in the Amended Complaint that specifically concern Mr. Podesta and provides additional argument relating to those allegations.

For the reasons set forth below and as incorporated, the Amended Complaint in this case should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the grounds that it fails to present a justiciable case or controversy under Article III of the Constitution, and under Rule 12(b)(6), on the grounds that it fails to state a claim on which relief can be granted.

### ALLEGATIONS CONCERNING JOHN PODESTA

John Podesta is the former chair of Hillary Rodham Clinton's 2016 presidential campaign. (Am. Compl., ¶ 10.) Many of the allegations in the Amended Complaint fail to name Mr. Podesta at all, other than in generalized references to defendants or Enterprise members. With regard to the plaintiff's RICO claims, the allegations in which Mr. Podesta is named focus largely on two assertions: (1) that he paid "bribes" in order to obtain false information about plaintiff Byrne (*see, e.g.,* ¶ 10); and (2) that he was involved in destroying documents from Secretary Clinton's email server. (*Id.*) (*See also* ¶¶ 10, 21 (documents and emails were destroyed or hidden with the support of Andrew McCabe, Peter Strzok and James Comey); ¶¶ 15, 21, 90 (bribes and the deletion of Clinton emails); ¶ 75 (destruction of emails); ¶¶ 20, 79, 121 (payment of bribes).)

In other paragraphs in which Mr. Podesta is named, the allegations include the following:

● Enterprise members, including Mr. Podesta, caused the government to conduct surveillance of Byrne. (¶¶ 15, 90.)

● Mr. Podesta assisted defendant Brock and others to raise money for an organization that opposed Senator McCain's 2008 presidential candidacy. (¶ 73.)

● A Justice Department official sent Mr. Podesta an email on May 19, 2015, regarding a House investigation into Secretary Clinton's emails. (¶ 95.)

● Mr. Podesta and Secretary Clinton conspired with Peter Strzok to fail to follow up on an irregularity in the metadata on Clinton's server. (¶ 96.)

With regard to the plaintiff's defamation claim, the Amended Complaint does not identify any specific defamatory statements allegedly made by Mr. Podesta. While the Amended Complaint asserts that "Enterprise members, including Defendants Brock and Podesta, colluded in the absolute falsehood that Byrne had 'no direct access to the First Family,' …." (¶ 33), this

alleged "collusion" is not tied to any specific statement by Mr. Podesta. The plaintiff further alleges, without any supporting facts, that defendants Brock and Podesta "threaten[ed] media outlets and [made] false statements to cause such outlets to blacklist Plaintiff Gary Byrne," [2] (¶ 58), and that defendants Clinton, Podesta and Brock "ordered" that the alleged defamation occur. (¶ 121.)

The Amended Complaint also contains a number of generalized allegations that defendants or Enterprise members defamed the plaintiff. (*See, e.g.,* ¶¶ 31-32, 49-50, 52-53, 55, 112, 120.)

## LEGAL STANDARD

Mr. Podesta adopts and incorporates by reference the discussion of the applicable legal standards at pages 7-8 of the HRC Memo.

## ARGUMENT

**I.   THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(1) FOR LACK OF JURISDICTION.**

For the reasons set forth in Section I of the HRC Memo, which is adopted and incorporated by reference herein, the claims alleged in the Amended Complaint do not allege a justiciable case or controversy as required by Article III, and further fail to allege a concrete and actual injury in fact as required by Article III. Because the requirements for Article III standing are not met, this Court lacks subject matter jurisdiction over this matter. Accordingly, the entire Amended Complaint should be dismissed under Rule 12(b)(1).

---

[2]   The Amended Complaint contains other paragraphs relating to the alleged "blacklisting" of Byrne that do not identify Podesta as an alleged participant. (*See* ¶¶ 53, 121.)

### A. The RICO Claims in the Amended Complaint Fail to Allege a Justiciable Case or Controversy as Required by Article III.

As set forth in Section I.A of the HRC Memo, which is adopted and incorporated by reference herein, the RICO claims in plaintiff's First and Second Causes of Action consist of nothing more than a generalized set of grievances against actions of various governmental entities and a series of generalized allegations that the defendants have acted to harm the United States and its citizens generally. Such generalized grievances do not satisfy the case or controversy requirement of Article III. (*See* HRC Memo at 9-11.)

### B. The Amended Complaint Fails to Allege an Injury in Fact as Required by Article III.

As set forth in Section I.B of the HRC Memo, which is adopted and incorporated by reference herein, standing under Article III requires a party to have suffered a concrete and actual injury in fact that was caused by or traceable to the defendant. Here, the plaintiff's allegations of injury are conclusory and fail to establish any injury caused by or traceable to the defendants. (*See* HRC Memo at 11-16.)

With regard to Mr. Podesta specifically, the allegations in the Amended Complaint fail to establish that any injuries allegedly suffered by plaintiff were "caused by or … fairly traceable to" any actions by Mr. Podesta. *See Sierra Club v. E.P.A.*, 755 F.3d 968, 973 (D.C. Cir. 2014). The plaintiff's claim that he was injured as the result of independent contractors and government officials being "bribed" to provide false information is wholly conclusory, as is his claim that he was injured by the alleged destruction of Secretary Clinton's emails. The plaintiff's claim that he was injured by being "blacklisted" by media outlets due to alleged actions by Mr. Podesta is similarly unsupported by any facts. The claim that plaintiff suffered $50 million in damages due

to defamation is also devoid of factual support, and his alleged injuries are not tied to any statements made by Mr. Podesta.

Accordingly, the claims in the Amended Complaint should be dismissed for lack of jurisdiction.

## II.   THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM.

### A.   The Amended Complaint Fails to Plead Facts Sufficient to Establish the Elements of Plaintiff's RICO Claims.

Mr. Podesta adopts and incorporates by reference the arguments in Section II.A of the HRC Memo.

#### 1.   The Amended Complaint fails to plead the necessary elements of "RICO standing."

As set forth in Section II.A.1 of the HRC Memo, which is adopted and incorporated by reference herein, a RICO plaintiff has standing only if "he has been injured in his business or property by the conduct constituting the violation." *See Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). Moreover, a RICO plaintiff must show that RICO predicate acts were a proximate cause of his alleged injuries. *See Hemi Group LLC v. City of New York*, 559 U.S. 1, 9 (2010). Plaintiff Byrne's RICO claims should be dismissed because the Amended Complaint fails to allege facts to support these necessary elements.

##### a.   The Amended Complaint fails to plead injury to "business or property" that is connected to a predicate act.

As set forth in Section II.A.1.a of the HRC Memo, which is adopted and incorporated by reference herein, the Amended Complaint fails to plead anything more than a conclusory allegation of injury associated with the alleged RICO predicate acts. Plaintiff's conclusory allegations of injury from defamation are also insufficient, and in any event cannot constitute injury caused by

6

RICO predicate acts since defamation is not a predicate act under the RICO statute. (*See* HRC Memo at 18.)

### b.  The Amended Complaint fails to plead proximate cause required for RICO standing.

As set forth in Section II.A.1.b of the HRC Memo, which is adopted and incorporated by reference herein, plaintiff's failure to allege any injury caused by a RICO predicate act means that he has failed to allege, in anything other than a conclusory fashion, injuries that were proximately caused by RICO violations. (*See* HRC Memo at 19-20.) Moreover, the Amended Complaint also fails to meet the proximate cause requirement because plaintiff's alleged injuries are not directly related to the alleged RICO violations. (*See id.*)

### 2.  The Amended Complaint fails to plead a RICO enterprise.

As set forth in Section II.A.2 of the HRC Memo, which is adopted and incorporated by reference herein, the Amended Complaint fails to define the membership of the alleged enterprise, and fails to plead facts showing a common purpose, organization or continuity. (*See* HRC Memo at 20-23.) With regard to Mr. Podesta, the Amended Complaint simply alleges in conclusory fashion that he acted with other defendants, surrogates and others in the wide-ranging conspiracy sketched out by the plaintiff. Accordingly, the Amended Complaint fails to adequately plead a RICO enterprise.

### 3.  The Amended Complaint fails to adequately plead a pattern of racketeering activity.

As set forth in Section II.A.3 of the HRC Memo, which is adopted and incorporated by reference herein, a RICO plaintiff must adequately plead (1) two or more predicate acts identified in the statute, and (2) that the predicate acts form a "pattern" of racketeering activity. (*See* HRC Memo at 23.) Byrne's Amended Complaint fails to do either.

### a. The Amended Complaint fails to plead RICO predicate acts.

As set forth in Section II.A.3.a of the HRC Memo, which is adopted and incorporated by reference herein, the RICO allegations in the Amended Complaint seek to rely on three predicate acts: bribery under 18 U.S.C. § 201; witness tampering under 18 U.S.C. § 1512; and Travel Act violations under 18 U.S.C. § 1952. (*See* Am. Compl., ¶¶ 89, 92.) The Amended Complaint fails to plead the required elements of any of these alleged predicate acts. (*See* HRC Memo at 23-25; *see also* Brock Memorandum.)

### b. The Amended Complaint fails to plead a "pattern."

As set forth in Section II.A.3.b of the HRC Memo, which is adopted and incorporated by reference herein, a RICO plaintiff must plead a "pattern" of racketeering activity by demonstrating "relatedness" and "continuity" with regard to the predicate acts. *See Western Assocs. Ltd. P'ship v. Market Square Assocs.*, 235 F.3d 629, 633 (D.C. Cir. 2001). For the reasons set forth at pages 26-28 of the HRC Memo, the Amended Complaint fails to meet either requirement.

### 4. The Amended Complaint fails to plead necessary elements of a claim under § 1962(d).

As set forth in Section II.A.4 of the HRC Memo, which is adopted and incorporated by reference herein, the Amended Complaint fails to plead necessary elements of plaintiff's Second Cause of Action, which alleges a RICO conspiracy under 18 U.S.C. § 1962(d). It appears that plaintiff is alleging that the defendants conspired to violate 18 U.S.C. § 1962(c). (*See* Am. Compl., ¶ 107) (incorporating prior paragraphs by reference). Because plaintiff has failed to state a claim under § 1962(c), his conspiracy claim must fail as well. (*See* HRC Memo at 29.) Further, the Amended Complaint fails to plead facts demonstrating the existence of a conspiratorial agreement among the defendants. (*See id.*)

For the reasons set forth above, plaintiff's RICO claims should be dismissed under Rule 12(b)(6) for failure to state a claim.

### B. The Amended Complaint Fails to State a Claim for Defamation.

Plaintiff's claim for defamation must be dismissed because it is time-barred, and because it fails to plead necessary elements of defamation.

#### 1. Plaintiff's state-law claim is time-barred.

As set forth in Section II.B.1 of the HRC Memo, which is adopted and incorporated by reference herein, plaintiff's state-law defamation claims are governed by the District of Columbia's one-year statute of limitations, D.C. Code § 12-301(4), including its "single publication" rule. *See Jin v. Ministry of State Security*, 254 F. Supp. 2d 61, 68 (D.D.C. 2003.) The allegations in the Amended Complaint establish that the alleged defamatory statements were made in the summer of 2016 and in any event before the November 2016 election. (*See* HRC Memo at 31-32.) Accordingly, the claim in plaintiff's Third Cause of Action must be dismissed as time-barred.

#### 2. The Amended Complaint fails to allege several necessary elements of defamation.

As set forth in Section II.B.2 of the HRC Memo, which is adopted and incorporated by reference herein, the Amended Complaint fails to provide factually-sufficient allegations regarding the alleged defamatory statements and the time and place of their publication. (*See* HRC Memo at 32-33.) Moreover, the alleged statements complained of by plaintiff are largely statements of opinion rather than fact, and therefore cannot support a defamation claim. (*See* HRC Memo at 33-34.)

Further, as described above, the Amended Complaint does not identify any allegedly defamatory statements actually made by Mr. Podesta. While the plaintiff asserts that Mr. Podesta

"colluded" in the false statement that plaintiff had "no direct access to the First Family" (¶ 33), the Amended Complaint does not connect this alleged falsehood to any specific statement made by Mr. Podesta. The allegation regarding alleged false statements made to media outlets does not identify any particular statement or provide any supporting facts. (*See* ¶ 58.) The plaintiff similarly fails to allege any facts to support the conclusory allegations that Mr. Podesta participated with others in the making or publication of allegedly defamatory statements, or "ordered" that defamation occur.

The Amended Complaint also does not contain any well-pleaded factual allegations establishing that Mr. Podesta acted with "actual malice" in connection with any alleged defamation. As discussed in Former Secretary Clinton's memorandum (*see* HRC Memo at 35-36), a defamation plaintiff who is a public figure must show that the statements at issue were "made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times v. Sullivan*, 376 U.S. 254, 279-80 (1964). However, the Amended Complaint contains no well-pleaded factual allegations that demonstrate that Mr. Podesta made any defamatory statements, let alone that he did so knowing that the statements were false when published.

Finally, the Amended Complaint fails to plead facts that support plaintiff's claim that he suffered damages as a result of the alleged defamatory statements. (*See* HRC Memo at 36-37.)

Accordingly, plaintiff's state-law defamation claim should be dismissed.

## **CONCLUSION**

For the reasons set forth above and as adopted and incorporated by reference from the HRC Memo, defendant John Podesta respectfully submits that the Amended Complaint should be dismissed in its entirety for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted.

    Respectfully submitted,

/s/ Gloria B. Solomon

_____

Gloria B. Solomon
D.C. Bar No. 358880
TROUT CACHERIS & JANIS PLLC
1350 Connecticut Avenue, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319
gsolomon@troutcacheris.com

*Counsel for Defendant John Podesta*