## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------

GARY J. BYRNE *et al.*

Plaintiffs,

v.

HILLARY RODHAM CLINTON *et al.*

Defendants.

-------------------------------------------------

§
§
§
§
§
§
§
§
§
§
§

Civil Action No: 1:18-cv-1422-PLF

## DEFENDANT PETER STRZOK'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Aitan D. Goelman
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Tel:  (202) 778-1800
Fax: (202) 822-8106
Email: agoelman@zuckerman.com

*Attorney for Defendant Peter Strzok*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

I.     FACTUAL BACKGROUND .......................................................................................... 1

II.    APPLICABLE LAW ..................................................................................................... 4

      A.    Standard for Dismissal Under Rule 12(b)(1) ........................................................ 4

      B.    Standard for Dismissal Under Rule 12(b)(6) ........................................................ 4

III.   ARGUMENT ................................................................................................................. 5

      A.    The Complaint Should Be Dismissed under Rule 12(b)(1) For Failure to Allege Facts Necessary for Jurisdiction over the Claims Asserted Against Agent Strzok ................................................................................................... 5

           1)    Byrne Has Not Alleged a Concrete and Particularized Injury-In-Fact that is Fairly Traceable to Agent Strzok's Alleged Actions ...................... 5

           2)    Byrne Has Not Alleged a Justiciable Case or Controversy Because He Only Asserts Generalized Governmental Grievances ............................... 8

      B.    Byrne's RICO Claims Should be Dismissed Under Rule 12(b)(6) for Failure to State a Claim ................................................................................................... 9

           1)    Byrne Has Not Sufficiently Alleged RICO Causation ............................ 10

           2)    Byrne Has Not Sufficiently Alleged Two or More Specific Predicate Acts ......................................................................................... 11

           3)    Byrne's RICO Conspiracy Claim Should be Dismissed Under Rule 12(b)(6) for Failure to State a Claim ...................................................... 12

      C.    Agent Strzok is Entitled to Qualified Immunity for his Government Service ..... 14

      D.    Agent Strzok Adopts Arguments in Secretary Clinton's Motion to Dismiss ...... 16

IV.   CONCLUSION ............................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Wright*,
    468 U.S. 737 (1984)..................................................................................................... 8

*Arpaio v. Obama*,
    797 F.3d 11 (D.C. Cir. 2015) ................................................................................. 6, 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................. 4, 5

*Belaski v. United States*,
    Civil Action No. 17-1035 (ABJ), 2017 WL 2694099 (D.D.C. June 21, 2017) ......................... 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................. 4, 5, 12

*Burrell v. Shepard*,
    321 F. Supp. 3d 1 (D.D.C. 2018) .............................................................................. 14

*Cherry v. Dist. of Columbia*,
    330 F. Supp. 3d 216 (D.D.C. 2018) ............................................................................ 1

*DSMC, Inc. v. Convera Corp.*,
    479 F. Supp. 2d 68 (D.D.C. 2007) ............................................................................. 13

*E. Sav. Bank, FSB v. Papageorge*,
    31 F. Supp. 3d 1 (D.D.C. 2014) ................................................................. 10, 11, 12, 13

*Farmer v. Moritsugu*,
    163 F.3d 610 (D.C. Cir. 1998) .................................................................................. 14

*Fla. Audubon Soc'y v. Bentsen*,
    94 F.3d 658 (D.C. Cir. 1996) ..................................................................................... 5

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982).................................................................................................. 14

*Hemi Grp., LLC v. City of New York*,
    559 U.S. 1 (2010) ..................................................................................................... 10

*In re Fisher*,
    649 F.3d 401 (5th Cir. 2011) .................................................................................... 10

*Jo v. Dist. of Columbia*,
    582 F. Supp. 2d 51 (D.D.C. 2008) ...................................................................... 13

*Kialegee Tribal Town v. Zinke*,
    330 F. Supp. 3d 255 (D.D.C. 2018) ................................................................. 4, 5

*Klayman v. Clinton*,
    668 F. App'x 351 (11th Cir. 2016) ...................................................................... 8

*Klayman v. Clinton*,
    Case No: 15-cv-80388-Middlebrooks, 2015 WL 10857500 (S.D. Fla. Aug. 11, 2015) ............ 8

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ............................................................................................ 4

*Kowal v. MCI Commc'ns. Corp.*,
    16 F.3d 1271 (D.C. Cir. 2001) ............................................................................. 5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    572 U.S. 118 (2014) ............................................................................................ 8

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................ 8

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) .......................................................................................... 14

*Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*,
    461 F. Supp. 2d 24 (D.D.C. 2006) ...................................................................... 4

*Public Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*,
    489 F.3d 1279 (D.C. Cir. 2007) ........................................................................... 7

*Quick v. EduCap, Inc.*,
    318 F. Supp. 3d 121 (D.D.C. 2018) .................................................................. 13

*Sandza v. Barclays Bank PLC*,
    151 F. Supp. 3d 94 (D.D.C. 2015) .................................................................... 13

*Sierra Club v. EPA*,
    755 F.3d 968 (D.C. Cir. 2014) ............................................................................. 6

*Warth v. Seldin*,
    422 U.S. 490 (1975) ............................................................................................ 9

*Youngbey v. March*,
    676 F.3d 1114 (D.C. Cir. 2012) ........................................................................ 14

**Statutes**

18 U.S.C. § 201 ........................................................................................................................... 11

18 U.S.C. § 1503 ......................................................................................................................... 12

18 U.S.C. § 1510 ......................................................................................................................... 12

18 U.S.C. § 1511 ......................................................................................................................... 12

18 U.S.C. § 1512 ......................................................................................................................... 11

18 U.S.C. § 1952 ......................................................................................................................... 12

18 U.S.C. § 1961 ................................................................................................................... 11, 12

18 U.S.C. § 1961(1) ..................................................................................................................... 12

18 U.S.C. § 1961(5) ..................................................................................................................... 11

18 U.S.C. § 1962(a) ..................................................................................................................... 13

18 U.S.C. § 1962(b) ..................................................................................................................... 13

18 U.S.C. § 1962(c) ............................................................................................. 3, 9, 10, 11, 12, 13

18 U.S.C. § 1962(d) ................................................................................................. 3, 10, 12, 13

18 U.S.C. § 1964(c) ..................................................................................................................... 11

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 1, 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1, 4

Defendant and former Federal Bureau of Investigation agent Peter Strzok, through undersigned counsel, moves to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and under the doctrine of qualified immunity. The allegations against Agent Strzok should be dismissed for at least three reasons. First, Plaintiffs fail to present a justiciable case or controversy under Article III of the United States Constitution because their allegations will not suffice to confer standing. Second, Plaintiffs fail to state a claim for which relief could be granted. Third, even if Plaintiffs disagree with aspects of the FBI's investigation regarding Defendant Hillary Rodham Clinton's use of e-mail, as a United States government law enforcement officer, Agent Strzok is entitled to qualified immunity for his official acts.

Consistent with the standard for motions to dismiss, in which "a court must treat the complaint's factual allegations as true," *Cherry v. Dist. of Columbia*, 330 F. Supp. 3d 216, 223 (D.D.C. 2018) (citations and quotations omitted), the factual background below assumes as true the allegations in the Amended Complaint.

## I.   FACTUAL BACKGROUND

In their Amended Complaint, plaintiffs Gary Byrne, a former United States Secret Service officer, and the GJB Project, the legal entity through which Mr. Byrne "conducts his affairs,"[1] Am. Compl. at ¶ 5, accuse an impressive number of high profile people of conspiring in an Enterprise to harm Byrne. The alleged Enterprise members include not only defendants Hillary Rodham Clinton, John Podesta, and David Brock, but also a number of politically active organizations, *e.g*., Media Matters, and even (non-defendants) George Soros, James Comey, and

---

[1] Mr. Byrne and his entity will be referred to collectively and individually as "Byrne," and as a singular entity, consistent with the practice in the Amended Complaint and the lack of any allegations that differentiate between alleged harm to Byrne the person and alleged harm to the GJB Project. Arguments in this motion are directed at allegations by both plaintiffs.

Andrew McCabe. *Id.* at ¶¶ 9, 82. Recently-added defendant and former FBI agent Peter Strzok is also among those accused. *Id.* at ¶¶ 22, 96.

Byrne alleges the defendants and others are involved in a complicated Enterprise "undertaken to destroy [Byrne's] business and livelihood." *Id.* at ¶ 20. Because years ago Byrne wrote a book critical of then-President Bill Clinton and then-First Lady Hillary Clinton and gave unflattering grand jury testimony about them, he believes that "[t]he Clintons, Brock, and Podesta have sworn reprisal ever since, and have sought payback…" *Id.* at ¶ 18. Specifically, Byrne alleges that Secretary Clinton, John Podesta, David Brock and others bribed independent contractors and government officials to provide sources of false information about Byrne, then "engaged in the destruction and 'wiping clean' of inculpatory documents" showing those bribes. *Id.* at ¶ 15. Byrne also alleges that "Defendant David Brock and Enterprise members he controlled, the 'nonpartisan non-profits,'" disseminated the false information. *Id.* at ¶ 16. According to Byrne, "Brock and Enterprise member George Soros" compensated other alleged Enterprise members Jan Gilhooly and Jonathan Wackrow to "slander and libel" Byrne. *Id.*

Agent Strzok's alleged role in the Enterprise to harm Byrne is less clear, beyond the (true) allegation that he was involved as a government employee in the FBI investigation related to Secretary Clinton's e-mail. Am. Compl. at ¶ 22. In one section of the Amended Complaint, Byrne alleges that Agent Strzok had knowledge of metadata irregularities in Secretary Clinton's e-mail server, but he failed to take any action "because of his fierce, passionate loyalty" to Secretary Clinton. *Id.* at ¶¶ 22, 96.[2]

---

[2] According to Byrne, such metadata irregularities reflected a destruction of documents that "would have shown … that [the Enterprise] paid bribes to independent contractors to create false information about [Byrne], and had illegally caused the government to conduct illegal domestic surveillance of [Byrne]." Am. Compl. at ¶ 15.

In another portion of the Amended Complaint, Byrne alleges that Agent Strzok conducted "corrupt" FBI interviews of Cheryl Mills and Huma Abedin, two of Secretary Clinton's top aides. Am. Compl. at ¶¶ 82, 96. Byrne also alleges without detail that Agent Strzok "directed predicate acts involving obstruction of justice and bribery" in order to "cause injury to the business and property of [Byrne]." *Id.* at ¶ 13. Agent Strzok and Enterprise members allegedly used a "safe-house" in Massachusetts to: "destabilize Donald J. Trump, Sr. in his bid for the presidency," destroy and veil thousands of "illicit Hillary Clinton electronic mail transmissions," and otherwise "further the Enterprise operational scheme." *Id.* at ¶ 9. Byrne baldly asserts that Agent Strzok, together with former FBI Director James Comey and Deputy Director Andrew McCabe, "corrupted the proper administration of law" when they concluded Secretary Clinton "lacked the requisite intent to violate the law." *Id.* at ¶ 80. Agent Strzok also allegedly "corruptly influenced and impeded his agency's investigation" in ways that Byrne does not elucidate. *Id.* at ¶ 81.

Byrne claims he has suffered reputational harm resulting in injuries to his business, Am. Compl. at ¶ 17, along with incurring legal fees and expenses as a result of his reputational damage, which he calculates as injury of "not less than $100 million." *Id.* at ¶ 104.[3] Nevertheless, for Counts I and II, Byrne demands a judgment tenfold larger, "for no less than $1,000,000,000," a billion dollars. *Id.* at ¶¶ 106, 110.

---

[3] Two of Byrne's three claims include Agent Strzok as a defendant. Am. Compl. at ¶¶ 84-110. Count I alleges a violation of the enterprise racketeering provision of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c). *Id.* at ¶¶ 84-106. Count II alleges a RICO conspiracy to engage in a pattern of racketeering activity under 18 U.S.C. § 1962(d). *Id.* at ¶¶ 107-110. Count III is a claim alleging defamation under Arkansas law, but it is not asserted against Agent Strzok. *Id.* at ¶ 111.

## II.     APPLICABLE LAW

### A.  Standard for Dismissal Under Rule 12(b)(1)

"A court must dismiss a case pursuant to Federal Rule 12(b)(1) when it lacks subject matter jurisdiction." *Kialegee Tribal Town v. Zinke*, 330 F. Supp. 3d 255, 262 (D.D.C. 2018). This is because federal courts "are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When reviewing a facial challenge to subject matter jurisdiction under Rule 12(b)(1), courts liberally construe the complaint and accept as true all of its factual allegations. *Zinke*, 330 F. Supp. 3d at 262. Nevertheless, a "court need not accept as true a legal conclusion couched as a factual allegation or an inference unsupported by the facts set out in the complaint." *Id.* (internal citations and quotations omitted). Thus, if the plaintiff does not sufficiently allege facts to support critical elements of subject matter jurisdiction, the case should be dismissed.

### B.  Standard for Dismissal Under Rule 12(b)(6)

Under Rule 12(b)(6), a party may move to dismiss a complaint because it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion, the complaint must contain sufficient factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When analyzing the sufficiency of a 12(b)(6) motion, courts accept as true all of the complaint's factual allegations and draw all reasonable inferences in favor of the plaintiff. *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 27 (D.D.C. 2006). Similar to facial

jurisdictional challenges under Rule 12(b)(1), a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Nor must a court accept "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 2001). Thus, a complaint fails when it "tenders naked assertion[s] devoid of further factual enhancement." *Zinke*, 330 F. Supp. 3d at 263 (citations and internal quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III.   ARGUMENT

### A. The Complaint Should Be Dismissed under Rule 12(b)(1) For Failure to Allege Facts Necessary for Jurisdiction over the Claims Asserted Against Agent Strzok

Byrne fails to meet the requirements for subject matter jurisdiction in at least two ways. First, Byrne has not alleged sufficient facts to show that he has Article III standing to sue Agent Strzok because he does not allege a concrete and particularized injury-in-fact that is fairly traceable to Agent Strzok's actions. Second, Byrne asserts only generalized grievances regarding the FBI's investigation into Secretary Clinton's e-mail, not conduct specific to Agent Strzok, and thus, Byrne has not alleged a justiciable case or controversy involving Agent Strzok under Article III.

### 1)   Byrne Has Not Alleged a Concrete and Particularized Injury-In-Fact that is Fairly Traceable to Agent Strzok's Alleged Actions

To present a justiciable case or controversy, Byrne must demonstrate standing to sue. *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996). To meet the constitutional minimum for standing to sue Agent Strzok, Byrne must allege that: a) he suffered a concrete and particularized injury-in-fact; b) that injury was caused by or is fairly traceable to Agent Strzok's

actions; and c) such injury is capable of resolution and likely to be redressed by judicial decision. *See Sierra Club v. EPA*, 755 F.3d 968, 973 (D.C. Cir. 2014) (citations omitted). "[T]hreadbare recitals of the elements of [standing], supported by mere conclusory statements, do not suffice." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (citations omitted).

Byrne alleges that Agent Strzok obstructed justice by interfering with the FBI's investigation regarding Secretary Clinton's use of e-mail. Am. Compl. at ¶¶ 80-82, 96-100. Specifically, Byrne alleges that Agent Strzok failed to "follow up in any meaningful way" after being advised "of an irregularity in the metadata of Hillary Clinton's server that suggested a possible breach." *Id.* at ¶ 96. Byrne also alleges that Agent Strzok obstructed justice by conducting "corrupt" interviews of two aides working for Secretary Clinton. *Id.* at ¶¶ 82, 96.

Byrne clearly disagrees with the way he believes that Agent Strzok and others handled the Clinton investigation. But while Byrne voices criticisms and conjecture regarding an alleged "obstruction of justice," he fails to allege any facts that describe a concrete injury caused by (or fairly traceable to) Agent Strzok. According to the Amended Complaint, Byrne's alleged injuries are: a) business losses and damaged reputation resulting from defamation; b) legal fees incurred from the damage to his reputation, which was caused by the Enterprise's obstruction of justice and destruction of e-mails; and c) being the subject of certain hypothetical destroyed documents that "would have shown" that he was targeted by the Enterprise. Am. Compl. at ¶¶ 15, 17, 21, 58.

With regard to his alleged business losses and damaged reputation, Byrne alleges the

injuries were "a result of the Enterprise defamation."[4] Am. Compl. at ¶¶ 17, 58. (Importantly, Agent Strzok is not a defendant with regard to Count III of defamation.) In terms of his legal fees damages, Byrne, in conclusory fashion, alleges that such fees were incurred "as a result of the damage to his reputation by the illegal predicate activity of obstruction of justice …" *Id.* at ¶ 17. Byrne, however, has failed to allege any facts demonstrating that his reputation was damaged by Agent Strzok's (or anyone else's) alleged obstruction of justice. He has not shown how his alleged injuries were caused by or were fairly traceable to any activity beyond the Enterprise's alleged defamatory actions. Byrne's "threadbare recital" of the standing elements along with legal conclusions is insufficient. *See Arpaio*, 797 F.3d at 19.

Byrne also alleges he was injured because the hypothetical destroyed documents "would have shown" that he was the target of the Enterprise's acts. Am. Compl. at ¶¶ 15, 21. Such an allegation describes only a speculative injury. With regard to standing, the "Supreme Court has stated that the asserted injury must be concrete—which the Court has also described as direct, real, and palpable—not abstract." *Public Citizen, Inc. v. Nat'l Highway Traffic Safety Admin*., 489 F.3d 1279, 1292 (D.C. Cir. 2007) (citations omitted). "[T]he asserted injury must be actual or imminent—which the Court has also described as certainly impending and immediate—not remote, speculative, conjectural, or hypothetical." *Id.* at 1293. Byrne does not allege that he was injured because he was entitled to any of the allegedly destroyed documents, nor does he allege

---

[4] As noted above, Byrne does not allege that Agent Strzok defamed him, and he does not assert his defamation claim against Agent Strzok. Am. Compl. at ¶ 111. To the extent that any defamation allegations are relevant to allegations against Agent Strzok, he adopts the arguments presented in Secretary Clinton's Motion to Dismiss.

any other concrete and particularized injury caused by (or fairly traceable to) Agent Strzok's alleged obstruction.[5] Am. Compl. at ¶¶ 15, 17, 21, 58.

In sum, even if it were true that Agent Strzok engaged in "obstruction of justice" and interfered with the FBI's investigation into Secretary Clinton's e-mail, as alleged in the Amended Complaint, Byrne has failed to describe any concrete and particularized injury resulting from Agent Strzok's alleged actions. Therefore, Byrne's complaint against Agent Strzok should be dismissed because it does not allege facts demonstrating harm caused by Agent Strzok. Byrne lacks standing to sue Agent Strzok.

### 2) Byrne Has Not Alleged a Justiciable Case or Controversy Because He Only Asserts Generalized Governmental Grievances

As noted in other parties' briefing, *e.g.*, Clinton Motion to Dismiss at 17, Article III requires the plaintiff to have a personal stake in the controversy brought before the Court. A plaintiff "raising only a generally available grievance about government . . . does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. "An asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Allen v. Wright*, 468 U.S. 737, 754 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). Thus, when a

---

[5] As described in Secretary Clinton's motion to dismiss, the Eleventh Circuit Court of Appeals in *Klayman v. Clinton*, 668 F. App'x 351 (11th Cir. 2016), affirmed a district court's dismissal of a case for lack of Article III standing where the plaintiff alleged that Secretary Clinton concealed government records through the use of her personal e-mail account. *See* Clinton Motion to Dismiss at 23. The district court's decision noted that "it is unclear whether the records allegedly withheld from Plaintiff exist at all," and that the contents of such records were unknown. *Id.* (citing *Klayman v. Clinton*, Case No: 15-cv-80388-Middlebrooks, 2015 WL 10857500, at *5 (S.D. Fla. Aug. 11, 2015)). The Eleventh Circuit agreed with the district court's finding that "it is unclear" how plaintiff's deprivation of the alleged documents resulted in a concrete injury. *Id. See also Klayman*, 668 F.App'x at 352 (noting that the plaintiff's "alleged economic injury is purely speculative and thus insufficient to support Article III standing.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

plaintiff asserts only generalized grievances against the federal government, a court should dismiss the complaint due to the plaintiff's lack of standing.

Fundamentally, Byrne's allegations against Agent Strzok are general criticisms regarding the FBI's and Department of Justice's handling of the investigation into Secretary Clinton's use of e-mail. Am. Compl. at ¶¶ 28, 81, 82, 83, 96-100. Byrne attempts to twist his general concerns into RICO claims by asserting—without elaboration—that he was injured due to Agent Strzok's purported obstruction of justice while he served as case agent for the investigation. *Id.* at ¶¶ 15, 17, 21, 58. Byrne fails, however, to connect the required dots, because he never alleges any concrete injury stemming from Agent Strzok's alleged obstruction. *Id.*

While Byrne may disagree with actions he believes Agent Strzok, the FBI, and DOJ took in conducting the Clinton e-mail investigation, "at its core," Byrne's complaint is "a generalized grievance against the government, and that is not a justiciable federal case." *Belaski v. United States*, Civil Action No. 17-1035 (ABJ), 2017 WL 2694099, at *2 (D.D.C. June 21, 2017). Byrne's attempt to transform political grievances into RICO claims by including conclusory allegations of personal injury will not suffice to confer Article III standing. *See* Clinton Motion to Dismiss at 19 (citing *Warth v. Seldin*, 422 U.S. 490, 502 (1975) (finding conclusory allegations of personal injury insufficient for Article III standing)). Because the Amended Complaint is, at its core, merely a recitation of generalized grievances regarding the government's handling of a highly scrutinized investigation, the claims against Agent Strzok should be dismissed.

### B. Byrne's RICO Claims Should be Dismissed under Rule 12(b)(6) for Failure to State a Claim

Count I is a claim under 18 U.S.C. § 1962(c), RICO's enterprise racketeering provision. Am. Compl. at ¶¶ 84-106. "To establish a violation of § 1962(c)'s prohibition on racketeering

activity, the plaintiff must establish (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *E. Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 12 (D.D.C. 2014). The RICO plaintiff must also sufficiently allege causation between the injury and the injurious conduct. *Id.* Count II is a related conspiracy claim for the same conduct under 18 U.S.C. § 1962(d). *Id.* at ¶¶ 107-110.

Byrne's RICO claims are fatally flawed in at least three ways. First, Byrne does not adequately state a racketeering claim under Section 1962(c) because he fails to sufficiently allege both "but for" and proximate causation of the alleged harm from the racketeering activity. Second, Byrne does not adequately state a racketeering claim under Section 1962(c) because he fails to sufficiently allege the required two or more specific predicate acts under the subsection. Finally, because of Byrne's failure to properly allege a Section 1962(c) racketeering claim, Byrne's Section 1962(d) conspiracy claim must fail as a matter of law.

### 1)   Byrne Has Not Sufficiently Alleged RICO Causation

The Supreme Court has explained that "to state a claim under civil RICO, the plaintiff is required to show that a RICO predicate offense 'not only was a 'but for' cause of his injury, but was the proximate cause as well.'" *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010) (citations omitted). "An act is a but-for cause of an event if the act is a *sine qua non* of the event . . . in other words, the absence of the act would result in the non-occurrence of the event." *In re Fisher*, 649 F.3d 401, 403 (5th Cir. 2011). Proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged." *Hemi Grp., LLC*, 559 U.S. at 9. Thus, "[a] link that is 'too remote,' 'purely contingent,' or 'indirec[t]' is insufficient." *Id.*

As stated previously, Byrne alleges that he was injured by Agent Strzok's alleged obstruction of justice because Byrne incurred legal fees due to the damage to his reputation. Am.

Compl. at ¶ 17. In terms of describing the causal link between Agent Strzok's acts and the alleged injuries, Byrne is both vague and conclusory, alleging merely that his injuries were "a direct and proximate cause of Defendants' violations of 18 U.S.C. § 1962(c) and § 1964(c)." Am. Comp. ¶ 105. Thus, Byrne has not sufficiently alleged any specific facts showing that Agent Strzok's "obstruction of justice" was the "but for" and proximate cause of alleged damage to Byrne's reputation.

It is true that certain of the Amended Complaint's allegations describe the Enterprise's methods to disseminate false information and to defame Byrne. *Id.* ¶¶ 30-39, 44-46, 52-57, 60-61, 64-74. But Byrne does not include Agent Strzok in those allegations.[6] *Id.* Thus, while Byrne alleges that some members of the Enterprise disseminated false information to defame him, and other members (such as Agent Strzok) allegedly interfered with the FBI's Clinton e-mail investigation, Byrne never describes how either of these acts directly and proximately caused his injuries. Byrne's racketeering claim under Section 1962(c) should be dismissed for failure to sufficiently allege "but for" and proximate causation.

### 2)   Byrne Has Not Sufficiently Alleged Two or More Specific Predicate Acts

To state a RICO enterprise racketeering claim, Byrne must allege that Defendants engaged in a pattern of racketeering activity. *E. Sav. Bank*, 31 F. Supp. 3d at 11. A pattern of racketeering activity "requires the commission, within a 10–year period, of at least two related predicate acts" enumerated in 18 U.S.C. § 1961. *Id.* at 12 (citing 18 U.S.C. § 1961(5)).

In the paragraphs detailing allegations regarding the Enterprise's alleged predicate acts, Byrne states that the Enterprise engaged in: a) bribery of a public official or witness under 18 U.S.C. § 201; b) witness tampering under 18 U.S.C. § 1512; c) violations of the Travel Act under

---

[6] Byrne did not assert his defamation claim against Agent Strzok. *See* Am. Compl. at ¶ 111.

18 U.S.C. § 1952; and d) obstruction of justice.[7] Am. Compl. at ¶¶ 92-94. While Byrne lists a number of culpable acts, such as obstruction of justice and bribery, he does not "set out clearly in [the] RICO claim the specific factual allegations which constitute each of the criminal predicate acts." *E. Sav. Bank*, 31 F. Supp. 3d at 12 (finding that the plaintiff "has not [pled] sufficiently a pattern of racketeering activity nor individual predicate acts."). *See* Am. Compl. at ¶¶ 92-100. Instead, Byrne recites a number of dishonest acts throughout his Amended Complaint and he fails to correlate such allegations to any specific RICO predicate act. *Id.* Without such a correlation, Byrne's disjointed and conclusory factual allegations, by themselves, are insufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Byrne has failed to allege that Defendants engaged in a pattern of racketeering activity because he has not clearly and sufficiently alleged at least two specific predicate acts enumerated in 18 U.S.C. § 1961. Accordingly, Byrne's RICO racketeering claim under Section 1962(c) should be dismissed.

### 3) Byrne's RICO Conspiracy Claim Should be Dismissed Under Rule 12(b)(6) for Failure to State a Claim

RICO contains a conspiracy provision, which makes it unlawful "for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d). Byrne's Amended Complaint never alleges which subsection of Section 1962 forms the basis of his RICO conspiracy claim. Am. Compl. at ¶¶ 107-110. *See also* Clinton Motion to Dismiss at 29. Even though in recent briefing, Byrne asserted that subsection 18 U.S.C.

---

[7] 18 U.S.C. § 1961, the statute enumerating the possible predicate acts to support a RICO claim, has three separate statutes for legal obstruction. 18 U.S.C. § 1503 (relating to obstruction of justice), 18 U.S.C. § 1510 (relating to obstruction of criminal investigations), and 18 U.S.C. § 1511 (relating to obstruction of State or local law enforcement). *See* 18 U.S.C. § 1961(1). Byrne does not specify which of these acts, if any, he contends was violated and serves as a predicate for his RICO enterprise racketeering claim. Am. Compl. at ¶¶ 92-94.

§ 1962(c), RICO's enterprise racketeering provision, is the basis for his RICO conspiracy claim, (*See* Byrne's Resp. to Clinton and Podesta Motions to Dismiss at 19), one cannot amend and fix inadequate pleading in briefs. *See Jo v. Dist. of Columbia*, 582 F. Supp. 2d 51, 64 (D.D.C. 2008); *DSMC, Inc. v. Convera Corp.*, 479 F. Supp. 2d 68, 84 (D.D.C. 2007) (rejecting plaintiff's attempt to broaden claims and amend complaint in opposition briefing to a dispositive motion).

Furthermore, Byrne's RICO conspiracy claim fails as a matter of law because he did not sufficiently allege an underlying claim under Section 1962(c). When a plaintiff asserts a RICO racketeering claim under 18 U.S.C. § 1962(a), (b), or (c), and also asserts a RICO conspiracy claim under 18 U.S.C. § 1962(d), the § 1962(d) claim should be dismissed if the plaintiff fails to sufficiently allege the underlying racketeering claim. *See E. Sav. Bank*, 31 F. Supp. 3d at 15 ("Since the plaintiff has failed to plead a RICO violation under 18 U.S.C. § 1962(a)–(c), its claim under § 1962(d) must fail, because there was no violation in which the defendant could have conspired."); *Quick v. EduCap, Inc.*, 318 F. Supp. 3d 121, 143 (D.D.C. 2018) ("The pleading deficiencies in Plaintiffs' substantive RICO allegations mean that its conspiracy claim also fails."); *Sandza v. Barclays Bank PLC*, 151 F. Supp. 3d 94, 110 (D.D.C. 2015) ("The Court has already rejected her allegations of an underlying Section 1962(c) violation by the individual defendants, which would ordinarily mean that her related conspiracy claim must also be rejected.").

As described above, Byrne has not sufficiently alleged a racketeering claim under Section 1962(c). *See supra*, pp. 9-12. Accordingly, Byrne's RICO conspiracy claim under Section 1962(d) should be dismissed as well.

### C.  Agent Strzok is Entitled to Qualified Immunity for his Government Service

Qualified immunity protects government officials performing discretionary functions from individual liability provided that their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Burrell v. Shepard*, 321 F. Supp. 3d 1, 17 (D.D.C. 2018). An official enjoys protection from liability "where [his or her] conduct is objectively reasonable in light of existing law." *Farmer v. Moritsugu*, 163 F.3d 610, 613 (D.C. Cir. 1998). Qualified immunity is an immunity from suit rather than a mere defense to liability, and it is effectively lost if a case is erroneously permitted to go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Courts approach claims of qualified immunity through a two-step analysis. *Burrell*, 321 F. Supp. 3d at 17. First, the Court determines whether the alleged acts show that the official's conduct violated a statutory or constitutional right. *Id.* Second, the Court determines whether the law was clearly established at the time of the incident. *Id.* "In determining whether the legal rules at issue are clearly established, courts look to cases of controlling authority in [its] jurisdiction." *Youngbey v. March*, 676 F.3d 1114, 1117 (D.C. Cir. 2012) (citations and internal quotations omitted). "If there is no such controlling authority, then [the Court] must determine whether there is a consensus of cases of persuasive authority." *Id.* (citations omitted). If the Court finds an entitlement to qualified immunity, the claims asserted against the official are dismissed.

Byrne faults Agent Strzok for a number of perceived issues in the Clinton e-mail investigation, alleging that Agent Strzok violated an intelligence community directive because he "was advised of an irregularity in the metadata of Hillary Clinton's server that suggested a possible breach," but Agent Strzok allegedly failed "follow up in any meaningful way" regarding

such irregularities. Am. Compl. at ¶ 96. Byrne also alleges, in conclusory fashion, that Agent Strzok conducted "corrupt" interviews with two of Secretary Clinton's aides. *Id.*

As to Agent Strzok, the Amended Complaint is essentially a generalized grievance about the government's inquiry into Secretary Clinton's e-mail server. *See supra* pp. 8-9. The allegations merely reflect Byrne's dissatisfaction with Agent Strzok's (and others') discretionary functions during Agent Strzok's time working on the FBI's investigation. *See* Am. Compl. at ¶¶ 28, 81, 82, 83, 96-100. Agent Strzok's alleged decisions to: a) not report metadata irregularities in Secretary Clinton's email server; and b) interview Secretary Clinton's aides were discretionary functions made in collaboration with other government employees above and below Agent Strzok in the chain of command and in the scope of his law enforcement position and the FBI's investigation.

Furthermore, Byrne never alleges that Agent Strzok violated any clearly established statutory or constitutional rights during his time in the Clinton e-mail investigation. Am. Compl. at ¶¶ 28, 81, 82, 83, 96-100. Rather, Byrne cites an intelligence community directive, ICD 732, which purportedly requires damage assessments to be done "in response to unauthorized disclosure or compromise of classified national intelligence." *Id.* at ¶ 97. Byrne cites no precedent from the Supreme Court, the D.C. Circuit, or this Court to suggest that Agent Strzok's alleged actions violated this directive or any other clearly established law. *Id.* Given the foregoing, the Amended Complaint should be dismissed because Agent Strzok is entitled to qualified immunity for actions taken in scope of his law enforcement position in the Clinton e-mail server investigation.

This case illustrates the need for government employees, particularly law enforcement officers, to be protected by the doctrine of qualified immunity. If any FBI agent working on a

high profile and ultimately highly politicized investigation were vulnerable to personal liability because someone disagreed with the manner in which the investigation was conducted, it would be virtually impossible for the government to perform this key governmental function.

**D.  Agent Strzok Adopts Arguments in Secretary Clinton's Motion to Dismiss**

Agent Strzok adopts and incorporates by reference additional arguments presented in the Motion to Dismiss filed by Secretary Clinton to the extent that they are relevant to allegations against him. *See* Clinton Motion to Dismiss pp. 16-46.

**IV.   CONCLUSION**

Based on the foregoing, all claims asserted against Agent Strzok should be dismissed for lack of jurisdiction, for failure to state a claim, or on the basis of Agent Strzok's entitlement to qualified immunity.

Dated: December 5, 2018                              Respectfully submitted,


                                                     */s/* Aitan D. Goelman
                                                     By: Aitan D. Goelman
                                                     **ZUCKERMAN SPAEDER LLP**
                                                     1800 M Street NW, Suite 1000
                                                     Washington, DC 20036
                                                     (202) 778-1800
                                                     *Attorney for Defendant Peter Strzok*

## CERTIFICATE OF SERVICE

I certify that on December 5, 2018, I caused a copy of the foregoing to be filed and served electronically upon the registered parties with the United States District Court for the District of Columbia via the Court's CM/ECF system.

/s/ Aitan D. Goelman
Aitan D. Goelman
