**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Gary John Byrne, *et al.*,<br><br>        Plaintiffs,<br><br>  v.<br><br>Clinton Foundation, *et al.*,<br><br>        Defendants. | Civil Action No. 1:18-cv-01422 (PLF) |

**REPLY IN SUPPORT OF DEFENDANT DAVID BROCK'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## I. INTRODUCTION

Gary Byrne and the GJB Project's (hereinafter, "Plaintiff") Opposition to Defendant Brock's Motion to Dismiss, Dkt. 66, ("Pls. Mem. in Opp'n") does nothing to bolster the threadbare allegations in the Amended Complaint, Dkt. 51 ("Am. Compl."), and provides no valid reason for the Court not to dismiss with prejudice Plaintiff's defamation and RICO claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for the reasons stated herein and previously raised in Brock's opening memorandum in support of his motion to dismiss, Dkt. 59-1 ("Brock's Opening Mem."). Plaintiff responds to Brock's arguments by simply repeating the inadequate allegations in the Amended Complaint—almost all of which had already been identified and demonstrated as inadequate in the Defendants' motions to dismiss Plaintiff's Corrected Complaint, Dkts. 44-50—and asserting, without support or elaboration, that they satisfy the pleading standard. The Court need not credit Plaintiff's naked and conclusory assertions and should instead dismiss the Amended Complaint in its entirety. Because Plaintiff already amended his complaint in response to the same arguments for dismissal, and Plaintiff's oppositions to the motions to dismiss his Amended Complaint offer no reason a Second Amended Complaint would state a viable claim, dismissal should be with prejudice.

## II. ARGUMENT

### A. BYRNE'S DEFAMATION CLAIM SHOULD BE DISMISSED.

Plaintiff's defamation claim should be dismissed. First, as set forth in Secretary Clinton's opening memorandum (at 31–32) (Dkt. 44-1) ("Clinton's Opening Mem."), Clinton's Reply at 2, Dkt. 68, ("Clinton's Reply") and Brock's Opening Memorandum at 5–6, Plaintiff's defamation claim is indisputably barred by the District of Columbia's one-year statute of limitations. *See* D.C. Code Ann. § 12-301(4). That limitations period runs from the date of first publication (here, Summer 2016, Am. Compl. ¶ 30), and governs all defamation claims brought in this District. *See*

*Jin v. Ministry of State Sec.*, 254 F. Supp. 2d 61, 68 (D.D.C. 2003). Second, Plaintiff's Amended Complaint does not adequately plead the elements of a defamation claim. (*See* Clinton's Opening Mem. at 32–37; Brock's Opening Mem. at 6–8). Plaintiff's Opposition does not respond to either of these arguments. For these reasons, and those in Section II.B of Clinton's Reply, which Brock joins and incorporates by reference as if fully set forth herein, the Court should dismiss Plaintiff's defamation claim with prejudice.

### B.  BYRNE'S RICO CLAIMS SHOULD ALSO BE DISMISSED.

#### 1.  The Amended Complaint Fails to Establish Standing or State a Claim Against Any Defendant.

For the reasons set forth more fully in Sections I and II.A of Clinton's Reply, which Brock joins and incorporates by reference as if fully set forth herein, Counts I and II of Byrne's Amended Complaint should be dismissed in their entirety under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Byrne's arguments to the contrary in his Opposition to Motion to Dismiss of Defendants Clinton and Podesta, Dkt. 65, which he incorporates by reference in Plaintiffs Memorandum in Opposition, are unavailing. Byrne's Amended Complaint does not allege a plausible injury-in-fact caused by any purported violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). If anything, it sets forth generalized grievances tied to those purported illegalities, and any individualized injuries bear no relationship to Byrne's RICO allegations. The Amended Complaint also fails to allege essential elements of a civil RICO claim: (i) an injury to his "business or property" that is proximately caused by the alleged RICO violations and therefore lacks RICO standing, (ii) the existence of a RICO enterprise; (iii) a pattern of racketeering activity made up of two or more predicate acts; or (iv) a conspiracy to violate RICO. Each of these defects were identified in Defendants' motions to dismiss the Corrected Complaint. (*See* Brock's Opening Mem. at 9–11 (collecting citations)). Because Plaintiff failed to address these defects in his

Amended Complaint and his oppositions to the motions to dismiss his Amended Complaint offer no reason a Second Amended Complaint would state a viable claim, the Court should dismiss the Amended Complaint with prejudice.

### 2. Byrne Fails to Adequately Allege Predicate Acts, and His Opposition to Brock's Motion to Dismiss Does Not Show Otherwise.

In Byrne's separate Opposition to Brock's Motion to Dismiss, he insists that the Amended Complaint adequately alleges that Brock committed the predicate acts of bribery, obstruction of justice, and Travel Act violations, but points to nothing more than threadbare allegations that are plainly insufficient to satisfy the pleading standard as to the requisite elements of any of the three alleged predicate acts. (*See* Pls. Mem. in Opp'n at 4-7).

*First*, Byrne's Opposition does nothing to save or bolster his inadequate allegations of bribery as a predicate act. In a failed attempt to demonstrate that the Amended Complaint adequately alleges the elements of bribery, Byrne quotes paragraphs 7, 11, 12, 16, 20, 21, 90, and 53. (Pls. Mem. in Opp'n at 4-5). As explained in Brock's Opening Memorandum at 12, however, these conclusory allegations that Brock paid "bribes" to unidentified persons to obtain unidentified information about Byrne are not only absurd, they do not allege the elements of the crime of bribery, which requires a defendant to "[1] corruptly give[], offer[] or promise[] anything of value to [2] any *public official* or person who has been selected to be a public official, or offer[] or promise[] any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, [3] with intent (A) to influence any *official act*." 18 U.S.C. § 201(b) (emphasis added). None of the paragraphs Byrne cites in his Opposition identify any "public official" allegedly bribed, any "thing of value" promised or exchanged, or any "official acts" promised or completed. If anything, the allegations amount to nothing more than conclusory statements that Brock and other Defendants paid *private* parties to obtain damaging

- 3 -

information about Byrne. Even if true, that conduct would not amount to bribery because it involves neither a public official nor any official act. Byrne's bare assertions of criminal conduct cannot, as a matter of law, sustain his claims. These allegations do not even add up to a "'formulaic recitation'" of all the essential elements of bribery, much less sufficient factual pleadings that satisfy those elements as to Brock. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*Second*, Byrne's assertion that he has adequately alleged obstruction of justice under 18 U.S.C. § 1512(c)(1) is also unavailing. (*See* Pls. Mem. in Opp'n at 5). That provision criminalizes "[1] alter[ing], destroy[ing], mutilate[ing], or conceal[ing] a record, document, or other object, or attempt[ing] to do so, [2] with the intent to impair the object's integrity or availability for use in an official proceeding." 18 U.S.C. § 1512(c)(1). In support of this claim that the Amended Complaint adequately alleges obstruction of justice, Byrne cites only to paragraph 15 of the Amended Complaint, which alleges that "Enterprise members, including Defendants Hillary Clinton and John Podesta" destroyed and "wip[ed] clean" emails "from Clinton's private unsecured computer system" that allegedly show "they had paid bribes to independent contractors to create false information about [] Byrne" and caused the government to illegally surveil Byrne. (Am. Compl. ¶ 15). These allegations have no connection to Brock, and in any case, do not even amount to a "formulaic recitation" of all the elements of obstruction of justice under 18 U.S.C. § 1512(c)(1), much less sufficient factual pleadings as to each element. For example, the cited paragraph contains no well-pleaded allegations that Brock or any other defendant destroyed the emails "with the intent to impair the object[s'] integrity or availability for use in an official proceeding," nor does it specify any official proceeding.

*Third*, Byrne's allegations of a Travel Act violation are similarly inadequate.[1] In defense of his Travel Action claim, Byrne's Opposition cites only to paragraphs 16 and 93 of the Amended Complaint. As already explained in Brock's Opening Memorandum at 12, however, paragraph 93 is nothing more than a regurgitation of the bare elements of a Travel Act violation, with no factual details to support a finding that Brock or any defendant engaged in activity that violated the statute. Further, Byrne's suggestion that paragraph 16 of the Amended Complaint adequately alleges bribery as the "unlawful activity" supporting his Travel Act claim is absurd. As set forth *supra*, Byrne's allegations—in paragraph 16 or anywhere else in the Amended Complaint—fail to show that any defendants engaged in bribery, and his summary listing, in paragraph 93, of "crimes set forth in Title 31, United States Code, chapter 53 and 18 United States Code § 1956—all involving financial crime and money laundering" are insufficient to adequately plead an "unlawful activity" under the Travel Act. Am. Compl. ¶ 93.

These insufficiencies are fatal to each of Byrne's allegations of RICO predicate acts as to Brock. For the reasons stated here, in Brock's Opening Memorandum Exhibit A, and in Clinton's Opening Memorandum and Reply, the RICO counts against Brock should be dismissed for failure to state a claim.

---

[1] As explained in Brock's Opening Memorandum at 13-14, a Travel Act claim requires a showing that the defendant engaged in "(1) interstate travel or use of a facility in commerce (2) with the intent to promote an unlawful activity[,] and (3) that the defendant thereafter performed or attempted to perform or facilitated the performance of an overt act in furtherance of the unlawful activity." *United States v. Espy*, 23 F. Supp. 2d 1, 7 (D.D.C. 1998) (citation omitted); *see also Dooley v. United Techs. Corp.*, 803 F. Supp. 428, 438 (D.D.C. 1992) (noting the Travel Act, an enumerated predicate act under RICO, "prohibits travel with the intent to promote 'unlawful activity'") (quoting 18 U.S.C. § 1952(a)). Under the Travel Act, "unlawful activity" includes "extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States." 18 U.S.C. § 1952(b).

## IV.  CONCLUSION

For the foregoing reasons, Defendant David Brock respectfully requests that all claims asserted against him in Plaintiff's Amended Complaint be dismissed, with prejudice.

Dated:  December 12, 2018   Respectfully submitted,

By /s/  *Sambo Dul*

Marc E. Elias (D.C. Bar No. 442007)
Ezra Reese (D.C. Bar No. 487760)
Brian Simmonds Marshall (D.C. Bar No. 501670)
**Perkins Coie, LLP**
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Phone: (202) 654-6338
Fax: (202) 654-9106
melias@perkinscoie.com
ereese@perkinscoie.com
bmarshall@perkinscoie.com

Sambo Dul (AZ Bar No. 030313) (*admitted pro hac vice*)
**Perkins Coie, LLP**
2901 N. Central Ave., Suite 2000
Phoenix, AZ 85012-2788
Phone: (602) 351-8000
Fax: (602) 648-7034
sdul@perkinscoie.com

*Attorneys for Defendant David Brock*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day of December 12, 2018, I caused the foregoing to be filed and served electronically upon registered parties with the United States District Court for the District of Columbia via the Court's CM/ECF system.

Dated:  December 12, 2018        Respectfully submitted,

        By /s/  *Sambo Dul*_____

        Marc E. Elias (D.C. Bar No. 442007)
        Ezra Reese (D.C. Bar No. 487760)
        Brian Simmonds Marshall (D.C. Bar No. 501670)
        **Perkins Coie, LLP**
        700 13th St. N.W., Suite 600
        Washington, D.C. 20005-3960
        Phone: (202) 654-6338
        Fax: (202) 654-9106
        melias@perkinscoie.com
        ereese@perkinscoie.com
        bmarshall@perkinscoie.com

        Sambo Dul (AZ Bar No. 030313) (*admitted pro hac vice*)
        **Perkins Coie, LLP**
        2901 N. Central Ave., Suite 2000
        Phoenix, AZ 85012-2788
        Phone: (602) 351-8000
        Fax: (602) 648-7034
        sdul@perkinscoie.com

        *Attorneys for Defendant David Brock*