UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GARY J. BYRNE, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-1422  (PLF) |
| CLINTON FOUNDATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

On June 15, 2018, plaintiff Gary J. Byrne/GJB LLC filed a civil complaint [Docket No. 1] ("Initial Complaint") to initiate this lawsuit alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Four days later, on June 19, 2018, plaintiff filed a Corrected RICO Complaint [Docket No. 3] ("Corrected Complaint").  Plaintiff filed a RICO Amended Complaint [Docket No. 51] ("Amended Complaint") on August 29, 2018, which adds one defendant and drops others.  Defendants have filed eleven motions to dismiss the three complaints.  This Memorandum Opinion and Order disposes of seven of the motions to dismiss now pending before the Court: the motions filed by those who are no longer defendants in this case and the motions that are directed against earlier versions of the complaint.

A number of individuals and organizations who were named as defendants in the Corrected Complaint [Docket No. 3] are clearly excluded from the Amended Complaint [Docket No. 51].  The fifteen defendants named in the Corrected Complaint were: the Clinton Foundation, the Clinton Global Initiative, The Clinton-Giustra Enterprise Partnership, William

...

Jefferson Clinton, Hillary Rodham Clinton, John Podesta, David Brock, George Soros, Jonathan Wackrow, Jan Gilooly, American Bridge 21st Century ("American Bridge"), Media Matters for America ("Media Matters"), Correct the Record, Citizens for Responsibility and Ethics in Washington ("CREW"), and Shareblue.  The caption of the Corrected Complaint also includes "Numerous Unknown Named" defendants.  The Amended Complaint names Mr. Byrne and "The GJB Project, aka GJB LLC" as plaintiffs.  The caption of the Amended Complaint adds Peter Strzok as a defendant and again names as defendants Hillary Rodham Clinton, John Podesta, David Brock, and an unspecified group of defendants (now referred to as "Numerous Named Unknown").  The caption of the Amended Complaint does not list William Jefferson Clinton, Jan Gilooly, Jonathan Wackrow, or George Soros, among others.

The status of some of the organizations who previously had been identified as defendants in the Corrected Complaint is unclear.  A review of the text of the Amended Complaint suggests that Mr. Byrne may have intended to include some of these organizations as defendants in his Amended Complaint, even though he did not identify them in the Caption of the Amended Complaint.[1]  Specifically, American Bridge, CREW, Media Matters, Correct the Record, and Shareblue appear as defendants in the Corrected Complaint but are not identified as

---

[1] Regardless of plaintiffs' intention, it is established that to make someone a party defendant in a case, a plaintiff must specify that person or entity in the caption of the case.  See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . ."); Culp v. Williams, 456 Fed. Appx. 718, 720 (10th Cir. 2012); Myles v. United States, 456 F. 3d 551, 551-52 (7th Cir 2005); Crisp v. Caruso, 2015 WL 9489605, *2 (E.D. Mich. 2015).  Some courts have suggested, however – particularly where a plaintiff is proceeding pro se, not through counsel – that omitting a person or entity intended to be sued from the caption may not be fatal – so long as the person or entity is clearly identified as a defendant in the body of the complaint and if the person or entity is properly served with process.  See, e.g., Trackwell v. United States, 472 F. 3d 1242, 1243-44 (10th Cir. 2007); Williams v. Bradshaw, 459 F. 3d 846, 848-49 (8th Cir. 2006).

such in the caption of the Amended Complaint.  The text of the Amended Complaint, however, identifies American Bridge and CREW as defendants, see Amended Complaint ¶¶ 61, 64; CREW is also listed as an enterprise member, see id. ¶ 63.  Similarly, the text of the Amended Complaint identifies Media Matters and Correct the Record as defendants or "defendant entities," see id. ¶¶ 19, 43, and also as enterprise members, see id. ¶¶ 7, 11, 20.  The text of the Amended Complaint refers to Shareblue as a defendant.  See id. ¶ 64.

By contrast, what is abundantly clear is that certain individuals and entities previously named as defendants are no longer defendants under even a liberal reading of the Amended Complaint.  William Jefferson Clinton is mentioned frequently throughout the Amended Complaint.  But he is not named as a defendant in the caption or in the body of the Amended Complaint except in one paragraph which, in context, seems clearly to be unintentional.  See Amended Complaint ¶ 35.  Plaintiffs name George Soros as a "Non-Defendant Enterprise member," and Jonathan Wackrow and Jan Gilooly are both identified as "Enterprise member, non-Defendant."  See Amended Complaint ¶¶ 9, 11, 12.  The Clinton Foundation, the Clinton Global Initiative, and the Clinton-Giustra Enterprise Partnership do not appear in the caption of the Amended Complaint and are identified in its text only as "Enterprise members," or without any label that clarifies their status.  See ¶ 19.

In view of the procedural posture of the case, the Court can dispose of seven of the eleven motions to dismiss now pending before it.  As George Soros and Jonathan Wackrow are no longer defendants in this case, their motions to dismiss [Docket Nos. 46, 47] will be denied as moot.  Similarly, the motion to dismiss filed by the Clinton Foundation, the Clinton Global Initiative, and the Clinton-Giustra Enterprise Partnership [Docket No. 50] will be denied as moot because these organizations are no longer defendants.  The first motion to dismiss of

defendant John Podesta [Docket No. 45], addressed to the Corrected Complaint, can also be denied as moot because Mr. Podesta has filed a new motion to dismiss [Docket No. 58] that focuses on the pleading now before the Court, the Amended Complaint.  That new motion will be decided at a later date.  The motion to dismiss of William Jefferson Clinton and Hillary Rodham Clinton [Docket No. 44] also can be denied as moot.  William Jefferson Clinton is no longer a defendant in the case, and Hillary Rodham Clinton has filed a new motion to dismiss [Docket No. 57] the Amended Complaint.  That new motion will be decided at a later date.[2]

       The Court will also deny as moot the motion to dismiss the Initial Complaint filed by David Brock and various other entities [Docket No. 48]; the denial is without prejudice, however, and the Court requests clarification from Mr. Byrne.   The status of the organizational movants in the first motion to dismiss filed by Mr. Brock [Docket No. 48] is unclear:  They were not identified as defendants in the caption of the Amended Complaint but are sometimes described as defendants in the text of the Amended Complaint.  These entities moved to dismiss only the Initial Complaint, but that complaint is superseded by the Amended Complaint currently pending before the Court.  Accordingly, the motion to dismiss [Docket No. 48] is moot as to movants American Bridge, CREW, Correct the Record, and Media Matters.  That motion to dismiss is also moot as to Mr. Brock himself, because Mr. Brock has filed a motion to dismiss [Docket No. 59] the Amended Complaint that is now before the Court.  Accordingly, the Court denies as moot Docket No. 48.  The denial is without prejudice, and Mr. Byrne must clarify whether American Bridge, CREW, Correct the Record, and Media Matters remain defendants in this case.  If so, these entities may file a motion to dismiss the Amended Complaint or may

---

[2]     The Court will consider any arguments made by any of the parties in earlier filings that are relevant to – or incorporated by reference in – the now-pending motions to dismiss.

supplement Mr. Brock's motion to dismiss the Amended Complaint [Docket No. 59], as appropriate.

For similar reasons and with similar instructions, the Court will deny without prejudice the motion to dismiss of True Blue Media LLC [Docket No. 49]. True Blue Media LLC does business under the name Shareblue. See Dkt. 24. Shareblue does not appear as a defendant in the caption of the Amended Complaint but is described as such in its text. True Blue's motion to dismiss was directed to the Initial Complaint [Docket No. 1] and neither True Blue nor Shareblue has submitted a motion to dismiss the now-operative Amended Complaint. Accordingly, the Court denies as moot Docket No. 49. The denial is without prejudice, and Mr. Byrne must clarify whether True Blue Media d/b/a Shareblue remains a defendant. If so, True Blue may file a motion to dismiss the Amended Complaint or may supplement Mr. Brock's motion to dismiss the Amended Complaint [Docket No. 59], as appropriate. For the reasons set forth herein, it is hereby

ORDERED that the following motions to dismiss are DENIED as moot: Docket Nos. 44, 45, 46, 47, and 50; it is

FURTHER ORDERED that the following motions to dismiss are DENIED as moot without prejudice: Docket Nos. 48 and 49; it is

FURTHER ORDERED that Mr. Byrne shall advise the Court no later than April 8, 2019, as to whether the following entities continue to be defendants in this case: American Bridge, Citizens for Responsibility and Ethics in Washington, Correct the Record, Media Matters for America, and True Blue Media LLC d/b/a Shareblue; and it is

FURTHER ORDERED that any of the following entities may be permitted to file or supplement a motion to dismiss, if they remain defendants: American Bridge, Citizens for

Responsibility and Ethics in Washington, Correct the Record, Media Matters for America, or True Blue Media LLC d/b/a Shareblue.  If any entity anticipates filing or supplementing a motion pursuant to this order, it must propose a briefing schedule to the Court within fourteen days of receiving the aforementioned notice from Mr. Byrne.

        SO ORDERED.

                                                    _____
                                                    PAUL L. FRIEDMAN
                                                    United States District Judge

DATE:  March 25, 2019